IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C.S., | : | Civil Action No. 4:12-CV-1013 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| SOUTHERN COLUMBIA SCHOOL DISTRICT and JAMES A. BECKER,, | : | |
| | : | (Magistrate Judge Arbuckle) |
| Defendants. | : | |

## MEMORANDUM

May 21, 2013

## I. BACKGROUND:

On May 30, 2012, plaintiff, C.S., instituted the instant action by filing a complaint. Complaint, ECF No. 1. The complaint names as defendants Southern Columbia Area School District (hereinafter "SCASD") and James A. Becker, the principal of the Southern Columbia High School, where C.S. was a student.

The complaint contains two counts. Count I is brought pursuant Title IX, 20 U.S.C. § 1681 and is a Quid Pro Quo and Hostile Environment claim against SCASD. The requested remedies are compensatory and punitive damages, interest, costs and attorneys fees. Count II is brought pursuant to 42 U.S.C. § 1983 and is a

1

Equal Protection gender claim against the SCASD and Becker in both his individual and official capacities. The requested remedies are compensatory and punitive damages, interest, costs and attorneys fees.

On July 31, 2012, the defendants filed a motion to dismiss. Defendants' Motion to Dismiss, ECF No. 9. On November 19, 2012, Magistrate Judge William I. Arbuckle, III filed a thirty-page report and recommendation, recommending that the motion be granted in part and denied in part. Report and Recommendation, ECF No. 17. Both plaintiff and defendant filed responses to the report and recommendation.

When objections are filed to the report and recommendation of a magistrate judge, the district court makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made." 28 U.S.C. § 636(b)(1)(C); *United States v Raddatz,* 447 U.S. 667, 674-75; 100 S.Ct. 2406; 65 L. Ed. 2d 424 (1980). The court may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz,* 447 U.S. at 675; *see also Mathews v Weber*, 423 U.S. 261, 275 (1976); *Goney v.*

*Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

The defendants object to the report and recommendation of Magistrate Judge Arbuckle as follows: Defendants argue that plaintiff did not state a hostile environment claim; did not state an equal protection claim; and that Magistrate Judge Arbuckle's damages dismissal should be clarified.

## II. DISCUSSION:

As an initial matter, plaintiff voluntarily dismissed her Quid Pro Quo claim along with her punitive damages reward request against the school district.

As the Court writes only for the parties, the undersigned will not recite the facts or rehash the sound reasoning of the magistrate judge, which the Court will adopt in full. The Court will only address defendants objections to the report and recommendation.

First, defendants argue, by relying on 24 Pa. C.S.A. §§5-510, that the hostile environment claim fails to state a claim. Additionally, defendants argue that Magistrate Judge Arbuckle erred by relying on federal district court holdings from outside of Pennsylvania. Both of defendants' arguments fail. Magistrate Judge Arbuckle's analysis is correct that plaintiff has stated a claim for hostile environment under Title IX. Defendants confuse a possible argument for their defense, provided by the Pennsylvania statutes as a reason that plaintiff has failed

to state a claim. The underlying litigation is in too early a stage to rely on a potential defense to dismiss a claim. Additionally, Magistrate Judge Arbuckle did not err by relying on sound reasoning set forth by another federal district.

Second, defendants argue that the equal protection based on gender claim should be dismissed. As Magistrate Judge Arbuckle pointed out, this type of claim needs discovery, and accordingly, should not be dismissed at this early stage of litigation.

Finally, defendants argue that the damages claims need to be clarified. The undersigned agrees and will clarify the pending damages reward claims.

## III. CONCLUSION:

Plaintiff's Quid Pro Quo claim will be dismissed. Plaintiff's claims for punitive damages against the SCASD and Becker in his official capacity will be dismissed.

The claims that remain are as follows: Count I, Hostile Environment in violation of Title IX against the SCASD. Plaintiff's available remedies are compensatory damages, interest, costs and attorney's fees. Count II, an Equal Protection gender claim in violation of 42 U.S.C. § 1983 against the SCASD and Becker. The remaining available remedies are compensatory damages, interest, costs and attorney's fees. Also, remaining is a potential punitive damages award

4

against Becker in his individual capacity.

An appropriate Order in accordance with this Memorandum will follow.

s/ Matthew W. Brann<br>
Matthew W. Brann<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C.S., | : | Civil Action No. 4:12-CV-1013 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN COLUMBIA | : | |
| SCHOOL DISTRICT and | : | |
| JAMES A. BECKER,, | : | |
| | : | (Magistrate Judge Arbuckle) |
| Defendants. | : | |

**ORDER**

May 21, 2013

In conformity with the memorandum issued this date,

1. The Report and Recommendation of Magistrate Judge Arbuckle is ADOPTED in full. Report and Recommendation, November 19, 2012, ECF No. 17.

2. Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Defendant's Motion to Dismiss, July 31, 2012, ECF No. 9.

3. Plaintiff's Quid Pro Quo claim is DISMISSED.

4. Plaintiff's punitive damages claims against Southern Columbia School District are DISMISSED.

5. The remaining claims are:
   a. Count I, Hostile Environment in violation of Title IX against the SCASD. Plaintiff's available remedies are compensatory damages, interest, costs and attorney's fees.

1

b. Count II, a Equal Protection gender claim in violation of 42 U.S.C. § 1983 against the SCASD and Becker. The remaining available remedies are compensatory damages, interest, costs and attorney's fees. Also remaining is a potential punitive damages award against Becker in his individual capacity.

6. The action is remanded to Magistrate Judge William I. Arbuckle, III.

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge